# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY DEAN MCDANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-30 NAB |
| | ) |
| ANDREW M. SAUL[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Jeffrey Dean McDaniel's appeal regarding the denial of supplemental security income ("SSI") for a closed period under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

### **Issues for Review**

McDaniel presents three issues for review. First, he asserts that the Administrative Law Judge ("ALJ") committed reversible error by finding that he was not disabled between October 20, 2014 and March 5, 2017. Second, McDaniel contends that the ALJ committed reversible error

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

by failing to properly assess the opinion evidence from treating psychiatric nurse practitioner Melissa Fischer. Third, McDaniel asserts that the residual functional capacity ("RFC") determination is legally erroneous, because it failed to include the ALJ's finding that his mental impairments preclude even unskilled work on a sustained basis. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

## Standard of Review

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003). "In this substantial-evidence determination, the entire administrative record is considered but the evidence is not reweighed." *Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).

## Discussion

**Factual Background**

McDaniel filed applications for disability insurance benefits and SSI with an alleged onset date of January 1, 1999. (Tr. 210-17.) McDaniel subsequently amended his alleged onset date to October 20, 2014. (Tr. 225.) Because this amended onset date was past his date last insured for disability insurance benefits, December 31, 2009, McDaniel only proceeded on his SSI claim before the ALJ. (Tr. 11, 33-34.)

McDaniel asserted the following impairments in support of his SSI claim: (1) back injury and pain, (2) bipolar affective disorder, (3) knee pain, (4) high blood pressure, and (5) shoulder injury and pain. (Tr. 232.) His claim was denied at the hearing level and he requested a hearing before an ALJ. (Tr. 130-31.) The ALJ held two administrative hearings on August 6, 2016 and December 21, 2016. (Tr. 31-110.) McDaniel and vocational expert ("VE") Brenda Young testified at the administrative hearings. After the administrative hearings, the ALJ gave McDaniel a partially favorable ruling, finding that he was disabled beginning March 6, 2017. (Tr. 11-24.) McDaniel requested a hearing from the Appeals Council, which denied review. Therefore, the ALJ's decision was the final decision of the Commissioner. McDaniel then filed this action for a review of the Commissioner's final decision.

**Opinion Evidence**

First, the Court will address the ALJ's decision to give little weight to nurse practitioner Melissa Fischer's opinion regarding McDaniel's mental impairments. McDaniel contends that the ALJ should have given controlling weight to Fischer's opinion.

Fischer treated McDaniel three times that are documented in the record between April 2016 and June 2016. (Tr. 461-469.) At the initial consultation in April 2016, the mental status examination indicated that McDaniel was well groomed and cooperative, with an agitated psychomotor activity, flat affect, depressed anxious mood, and normal speech. (Tr. 462.) His thought process was intact and his estimated level of intellectual functioning was good. (Tr. 463.) McDaniel denied homicidal or suicidal ideation, but he acknowledged seeing shadows. (Tr. 463.) Fischer observed that McDaniel's recent memory and concentration were poor. (Tr. 463.) She noted that McDaniel was oriented to time, place, and person. (Tr. 463.) Fischer opined that McDaniel's mental impairment was bipolar disorder I, mixed, most recent episode depressed, severe. (Tr. 463.) At his next visit, McDaniel's mental status examination was within normal limits, he reported he was doing well with an improved mood[2]. (Tr. 464.) At his June 27, 2016 visit, McDaniel reported that he was feeling "blue" and "feels like sleeping all day." (Tr. 465.) Fischer observed a low, blunted affect and that McDaniel was unshaven. (Tr. 465.)

On August 3, 2016, Fischer completed a checklist Mental Impairment Questionnaire regarding McDaniel. (Tr. 467-69.) She indicated that he had bipolar disorder I most recent depression. (Tr. 467.) She opined that Fischer had moderate restriction in his activities of daily living, marked difficulties in maintaining social functioning, and extreme deficiencies of

---

[2] The progress note from this visit was undated, but the ALJ and McDaniel's representative assumed the visit was in May 2016.

4

concentration, persistence, or pace. (Tr. 468.) She also indicated that he had a medically documented history of a chronic organic mental, schizophrenic, etc., or affective disorder of at least two years' duration that has caused more than a minimal limitation of ability to do basic work activity, with symptoms or signs currently attenuated by medication or psychosocial support. (Tr. 468.) Further, she opined that he has a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause him to decompensate and had a current history of 1 or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement. (Tr. 468.) She indicated that McDaniel would be absent from work or have to leave early 4 or more times per month. (Tr. 469.) She indicated that he was not a malingerer or did not tend to exaggerate. (Tr. 469.) Finally, she indicated that there was no current abuse of alcohol or other substances. (Tr. 469.)

The ALJ stated that he discounted Fischer's opinion, because the form was supplied by McDaniel's representative, the form did not adequately delineate the requirements in each domain, such that the findings in the form would likely require institutionalization. The ALJ also stated that the opinion contradicted with treatment notes that indicate improvement in his substance abuse remission and his ability to regularly concentrate and interact in a social setting as noted by McDaniel's involvement with Alcoholics Anonymous ("AA").

> Social Security separates information sources into two main groups: *acceptable medical sources* and *other sources.* It then divides *other sources* into two groups: *medical sources* and *non-medical sources. Acceptable medical sources* include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. According to Social Security regulations, there are three major distinctions between acceptable medical sources and the others: (1) Only acceptable medical sources can provide evidence to establish the existence of a medically determinable impairment,

5

(2) only acceptable medical sources can provide medical opinions, and (3) only acceptable medical sources can be considered treating sources,

*Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (emphasis in original) (internal citations omitted). Medical sources include "nurse practitioners, physician assistants, naturopaths, chiropractors, audiologists, and therapists." 20 C.F.R. § 404.913(d)[3]. "Information from these other sources cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose." SSR 06-03P, 2006 WL 2329939 at *2. The parties do not dispute the existence or type of McDaniel's medically determinable impairments.

"[I]nformation from such other sources, [however], may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id*. "Evidence provided by 'other sources' must be considered by the ALJ; however, the ALJ is permitted to discount such evidence if it is inconsistent with the evidence in the record." *Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015); *see also Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (in determining what weight to give to other evidence, the ALJ has more discretion and is permitted to consider any inconsistencies found

---

[3] Several significant revisions of Social Security regulations and reports became effective recently. The Social Security Report regarding evaluation of symptoms in social security disability claims was effective on March 28, 2016 and republished on October 25, 2017. *See* SSR 16-3P, 2017 WL 5180304, Social Security Ruling 16-3p, Policy Interpretation Ruling Title II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of Individual Statements (October 25, 2017). Also, many Social Security regulations were amended effective March 27, 2017. Per 20 C.F.R. §§ 416.325, 416.927, the Social Security Administration uses the regulations in effect at the time that this claim was filed. SSR 16-3p states "our adjudicators will apply SSR 16-3p when we make determinations and decisions on or after March 28, 2016. When a Federal court reviews our final decision in a claim, we also explain that we expect the court to review the final decision using the rules that were in effect at the time we issued the decision under review." SSR 16-3p at 1.

6

within the record). Therefore, the ALJ is required to consider Fischer's opinion in evaluating McDaniel's impairments.

Based on a review of the evidence in the record as whole, the Court finds that the ALJ did not err in granting little weight to Fischer's opinion. The ALJ could discount Fischer's opinion for being inconsistent with other evidence in the record. Fischer's finding that he had marked difficulties in social functioning was inconsistent with McDaniel's reports of going to AA meetings three times per week and then the social gatherings afterwards. Other substantial evidence in the record also supports the ALJ's decision. For example, Fischer only saw McDaniel three times before she wrote this opinion, which is not sufficient to provide an opinion on a claimant's ability to function in the workplace. *See e.g. Randolph v. Barnhart,* 386 F.3d 835, 840 (8th Cir. 2004) (three visits insufficient to formulate an opinion of claimant's ability to function in the workplace). Next, the form was a checklist form completed with no substantive content and it was not supported by the treatment notes referenced in the opinion. "The checklist format, generality, and incompleteness of the assessments limit the assessments' evidentiary value." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (citing *Holstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001)). Based on the foregoing, the Court finds that the ALJ did not err in assigning little weight to Fischer's opinion.

**RFC Determination**

McDaniel contends that the ALJ's finding of no-disability between October 20, 2014 and March 5, 2017, is contrary to the findings that due to McDaniel's advanced age, he was disabled as of March 6, 2017. McDaniel asserts that the RFC determination should have contained a finding that he was unable to perform even unskilled work due to his vocationally significant mental impairments, as the ALJ found after his age category changed.

7

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 416.920(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). The ALJ found that McDaniel had not engaged in substantial gainful activity since October 20, 2014, the amended alleged onset date. (Tr. 14.)

Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 416.920(a)(4)(ii). The ALJ found that since October 20, 2014, McDaniel had the severe impairments of status post open reduction, internal fixation of the right ankle, obesity, degenerative disc disease of the lumbar and thoracic spine, degenerative joint disease of the left shoulder, status post remote right shoulder arthroscopy, depression, bipolar disorder, and substance abuse in remission. (Tr. 14.) The ALJ found that McDaniel's impairments of left knee pain and loss vision in the left eye were not severe impairments and high blood pressure was not a medically determinable impairment. (Tr. 14.)

Third, the claimant must establish that his or her impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). The ALJ then determined that McDaniel did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the applicable regulations. (Tr. 14.)

If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity ("RFC") to perform past relevant work. 20 C.F.R. § 416.920(e). The RFC is defined as the most the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R.

§ 416.945(a)(1). The RFC is a function-by-function assessment of an individual's ability to do sustained work-related physical and mental activities on a regular and continuing basis.[4] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Pearsall*, 274 F.3d at 1217. "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox*, 471 F.3d at 907. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). There is no requirement, however, that an RFC finding be supported by a specific medical opinion. *Hensley*, 829 F.3d at 932 (RFC affirmed without medical opinion evidence); *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same); *Perks v. Astrue*, 687 F.3d 1086, 1092-93 (8th Cir. 2012) (same).

Next, the ALJ determined that McDaniel had the residual functional capacity to perform light work with the following exceptions: (1) no climbing ladders, ropes, or scaffolds; (2) occasional climbing of ramps or stairs, (3) occasional stooping, kneeling, crouching, and crawling, but no limit in balancing; (4) never reaching overhead with non-dominant upper extremity; (5) simple, routine, and repetitive tasks, (6) environment free of fast paced quota requirements involving only simple work related decisions with few, if any, work place changes, and (7) only occasional interaction with coworkers and never any interaction with the public. (Tr. 16-17.)

---

[4] A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). The ALJ determined that McDaniel had been unable to perform any of his past relevant work since October 20, 2014. (Tr. 21.)

If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). "The medical-vocational guidelines, or grids, 'are a set of charts listing certain vocational profiles that warrant a finding of disability or non-disability.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012) (citing *McCoy*, 648 F.3d at 613 (8th Cir. 2011)). "The grids come into play at step five of the analysis, where the burden shifts to the Commissioner to show that the claimant has the physical residual capacity to perform a significant number of other jobs in the national economy that are consistent with her impairments and vocational factors such as age, education, and work experience." *Phillips*, 671 F.3d at 702 (citing *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001)). "If the ALJ's findings as to RFC, age, education, and work experience fit any of the combinations of those criteria contained in the Tables in Appendix 2 to Part 404, then the ALJ must reach the conclusion (either disabled or not disabled) directed by the relevant Rule or line of the applicable Table." *Phillips*, 671 F.3d at 702 (quoting *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)).

There are three age categories: a younger person (under age 50), a person closely approaching advanced age (ages 50-54), and a person of advanced age (age 55 and older). *See* 20 C.F.R. 416.963(c)-(e). The regulations direct that the age categories not be applied mechanically in a borderline situation. 20 C.F.R. § 416.963(b). "If a claimant is within a few days to a few months of reaching an older age category, and using the older age category would result in a

determination or decision that the claimant is disabled, the agency will consider whether to use the older age category after evaluating the overall impact of all the factors of the claimant's case." *Phillips*, 671 F.3d at 702. "To determine whether to apply the claimant's chronological age or the higher age, the Council adopted a sliding scale approach whereby the claimant must show progressively more additional vocational adversity(ies)- to support use of the higher age- as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens." *Id.* "If the claimant does not show "additional adversities justifying use of the higher age category the adjudicator will use the claimant's chronological age- even when the time period is only a few days and the adjudicator need not explain his use of the claimant's chronological age." *Id.*

If the medical-vocational guidelines do not apply, the Commissioner can rely on the testimony of a vocational expert to carry the burden of proof of showing that jobs exist in the national economy that a claimant can perform. *Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997). "To do this, the Commissioner may pose hypothetical questions to the vocational expert, the parameters of which do not have to include any alleged impairments that the ALJ has rejected as untrue." *Id.* "The Commissioner may rely on a vocational expert's response to a properly formulated hypothetical question to show that jobs that a person with the claimant's RFC can perform exist in significant numbers." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 416.920(a)(4)(v).

Because McDaniel was within a few months of the age of 55, the ALJ found that he was an individual of advanced age as of March 6, 2017. (Tr. 21.) Prior to March 6, 2017, the ALJ found that considering McDaniel's age, education, work experience, and RFC, there were jobs that

11

existed in significant numbers in the national economy that he could have performed. (Tr. 22.) Beginning, March 6, 2017, the ALJ found that due to McDaniel's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that McDaniel could perform. (Tr. 23.) Therefore, the ALJ found that McDaniel was not disabled prior to March 6, 2017, but became disabled on that date and continued to be disabled through the date of the decision. (Tr. 23.)

McDaniel's assertion of error regarding the RFC collapses two different analyses by the ALJ. "Each step in the disability determination entails a separate analysis and legal standard." *Lacroix v. Barnhart,* 465 F.3d 881, 888 n. 3 (8th Cir.2006). Different steps serve distinct purposes, the degrees of precision required at each step differ, and the court's deferential standard of review precludes it from labeling findings as inconsistent if they can be harmonized. *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018). In this case, the ALJ evaluated McDaniel under the standards for a person approaching advanced age through March 5, 2017 and then under the standard for a person of advanced age from March 6, 2017 going forward.

McDaniel states that the ALJ should have found that he was disabled as a matter of law, because the ALJ's decision "does not point to any aspect of the record to support the notion that by virtue of attaining advanced age [his] mental acuity suddenly lapsed at midnight on his birthday to a state whereby several mental impairments limited his remaining mental capacities as insufficient to meet the intellectual and emotional demands of at least unskilled, competitive, remunerative work on a sustained basis." In fact, the regulations recognize that there will be situations where changing from one age category to another (along with other factors) will change whether the claimant is disabled. The regulations state, "We will not consider your ability to adjust to other work on the basis of your age alone. In determining the extent to which age affects a

person's ability to adjust to other work, we consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment." 20 C.F.R. § 416.963(a). The regulations also state, "We consider that at an advanced age (age 55 and older), age significantly affects a person's ability to adjust to other work. Further, the social security regulations address the transferability of skills for persons of advanced age. 20 C.F.R. § 416.968. The ALJ's findings were not contradictory and the Court finds that the ALJ properly applied the legal standards in formulating McDaniel's RFC and applying the medical vocational guidelines.

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1, 16.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of September, 2019.